US District Court for Minnesota

) Craig Cunningham

) Plaintiff, pro se

)

)       v.

**CIVIL ACTION NO.**

)

) BlueStem Brands Inc., dba Fingerhut

)

) Defendants.

RECEIVED BY MAIL
MAY 0 7 2018
CLERK, US DISTRICT COURT
MINNEAPOLIS, MN

**Plaintiff's Original Complaint**

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 3000 Custer Road, ste 270-206, Plano, Tx 75075

2. Upon information and belief, Bluestream Brands Inc., dba Fingerhut is a Minnesota corporation operating from 659 Flying Cloud Drive, Eden Prarie, MN 55344 and can be served via Registered agent: CT Corporation System, 1010 Dale St., North St. Paul Minnesota, 55117

**Jurisdiction**

SCANNED
MAY 0 7 2018
U.S. DISTRICT COURT MPLS

consumers in the state of Tennessee as part of a robocall marketing campaign in which tens of thousands of phone calls were made to consumers across the country. Subject matter jurisdiction is apparent as the TCPA is a federal question under 28 USC 1331.

4. Venue in this District is proper as the defendants are subject to personal jurisdiction based on the continuous and systematic contacts within the forum state of Tennessee. The telephone calls which led to the violations of alleged here occurred in Tennessee. The Defendants made multiple unsolicited telephone calls to the Plaintiff and other Tennessee residents living in Tennessee.

## FACTUAL ALLEGATIONS

5. In 2015 aand 2016, the Plaintiff received multiple automated phone calls with a pre-recorded message to the Plaintiff's cell phone, which was 615-348-1977. These calls were clearly automated and made by an automated telephone dialing system as defined by 47 USC 227(a)(1), which can store or produce telephone numbers to be called using a random or sequential number generator.

6. These calls related to someone who apparently had a fingerhut at some point in the past that is not named Craig Cunningham. The calls typically had about 5-7 seconds of dead air before they connected to an offshore call center agent or as they often enough did disconnected before being transferred to a live person.

7. The Plaintiff is unsure how the Defendants obtained his cell phone number as he never gave it to them and never gave express or implied consent for the defendants to call his cell phone using an automated telephone dialing system or

with a pre-recorded message. More to the point, the Plaintiff has never in his life ever had a Fingerhut account, which is an online retailer that also issues credit cards to its customers. For the calls to be compliant, the Defendants would have had to obtained the Plaintiff's signature clearly authorizing automated/pre-recorded calls to the Plaintiff's cell phone for the calls to be permitted under the law, and the Plaintiff has signed no such document for any of the defendant and has never had an account with the defendant.

8. The Plaintiff received at least 12 phone calls on 2/25/2015, 2/27/2015, 3/2/2015 3/3/2015, 3/6/2015, 3/16/2015, 3/17/2015, 3/19/2015, 4/224/2015, 4/30/2015, 5/29/2015, 6/9/2015 at a minimum from 800-503-2463 and 800-503-2370 and the Plaintiff is in the process of researching other calls as there are likely additional calls that the Plaintiff missed or wasn't able to answer.

9. The calls in question violated 47 USC 227(b) entitling the Plaintiff to a recover of $1500 for making calls using an automated telephone dialing system and containing a pre-recorded message and 47 USC 227(c)(5) as codified by 47 CFR 64.1200 under the FCC's rulemaking authority entitling the Plaintiff to an additional recovery of $1500 for violating 47 CFR 64.1200(b) 47CFR 64.1200(c), and 47 CFR 64.1200(d) by failing to have a written policy on maintaining a do-not-call list and failure to train personnel on telemarketing.

## CAUSES OF ACTION:

### COUNT I

**Violations of the Telephone Consumer Protection Act (TCPA)**