US District Court for Minnesota

) Craig Cunningham

) Plaintiff, pro se

)

) v.

**CIVIL ACTION NO.**   18-cv-01262

)

) BlueStem Brands Inc., dba Fingerhut

)

) Defendants.

RECEIVED BY MAIL
JUL 03 2018
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

### Plaintiff's ~~Original~~ *amended* Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 3000 Custer Road, ste 270-206, Plano, Tx 75075

2. Upon information and belief, Blue~~stem~~ *Stem* Brands Inc., dba Fingerhut is a Minnesota corporation operating from 659 Flying Cloud Drive, Eden Prarie, MN 55344 and can be served via Registered agent: CT Corporation System, 1010 Dale St., North St. Paul Minnesota, 55117

### Jurisdiction

SCANNED
JUL 0 3 2018
U.S. DISTRICT COURT ST PAUL

3. Jurisdiction of this court arises as the defendants continuous and systematic contacts within the state of Minnesota as part of a robocall marketing campaign in which tens of thousands of phone calls were made to consumers across the country. Subject matter jurisdiction is apparent as the TCPA is a federal question under 28 USC 1331.

4. Venue in this District is proper as the defendants are subject to personal jurisdiction based on the continuous and systematic contacts within the forum state and the Defendants are headquartered in this district.

## FACTUAL ALLEGATIONS

5. In 2015 aand 2016, the Plaintiff received multiple automated phone calls with a pre-recorded message to the Plaintiff's cell phone, which was 615-348-1977. These calls were clearly automated and made by an automated telephone dialing system as defined by 47 USC 227(a)(1), which can store or produce telephone numbers to be called using a random or sequential number generator.

6. These calls related to someone who apparently had a fingerhut at some point in the past that is not named Craig Cunningham. The calls typically had about 5-7 seconds of dead air before they connected to an offshore call center agent or as they often enough did disconnected before being transferred to a live person.

7. The Plaintiff is unsure how the Defendants obtained his cell phone number as he never gave it to them and never gave express or implied consent for the defendants to call his cell phone using an automated telephone dialing system or with a pre-recorded message. More to the point, the Plaintiff has never in his life

ever had a Fingerhut account, which is an online retailer that also issues credit cards to its customers. For the calls to be compliant, the Defendants would have had to obtained the Plaintiff's signature clearly authorizing automated/pre-recorded calls to the Plaintiff's cell phone for the calls to be permitted under the law, and the Plaintiff has signed no such document for any of the defendant and has never had an account with the defendant.

8. The Plaintiff received at least 12 phone calls on 2/25/2015, 2/27/2015, 3/2/2015 3/3/2015, 3/6/2015, 3/16/2015, 3/17/2015, 3/19/2015, 4/224/2015, 4/30/2015, 5/29/2015, 6/9/2015 at a minimum from 800-503-2463 and 800-503-2370 and the Plaintiff is in the process of researching other calls as there are likely additional calls that the Plaintiff missed or wasn't able to answer.

9. The calls in question violated 47 USC 227(b) entitling the Plaintiff to a recover of $1500 for making calls using an automated telephone dialing system and containing a pre-recorded message and 47 USC 227(c)(5) as codified by 47 CFR 64.1200 under the FCC's rulemaking authority entitling the Plaintiff to an additional recovery of $1500 for violating 47 CFR 64.1200(b) 47CFR 64.1200(c), and 47 CFR 64.1200(d) by failing to have a written policy on maintaining a do-not-call list and failure to train personnel on telemarketing.

### The Plaintiff's Cell phone is a residential line

10. The text messages were to the Plaintiff's cellular phonne 615-212-9191, which is the Plaintiff's personal cell phone that he uses for personal, family, and household use. The Plaintiff maintains no landline phones at his residence and has not done

so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES AS A RESULT OF THE CALLS

11. Defendant's calls harmed the Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

12. Defendant's calls harmed the Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

13. Defendant's calls harmed the Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

14. Defendant's calls harmed the Plaintiff by intruding upon Plaintiff's seclusion.

15. The Plaintiff has been harmed, injured, and damages by the calls including, but not limited to:

- Reduced Device Storage space
- Reduced data plan usage
- Invasion of privacy
- Lost time tending to text messages
- Decreased cell phone battery life
- More freqent charging of my cell phone resulting in reduced enjoyment and usage of my cell phone

- Reduced battery usage
- Annoyance
- Frustruation
- Anger

## CAUSES OF ACTION:

## COUNT I

## Violations of the Telephone Consumer Protection Act (TCPA)

16. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

17. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing calls with pre-recorded/automated messages to the Plaintiff's cell phone that lacked the name or address of the entity placing the phone calls in violation of 47 USC(c)(5) as codified by the FCC's rulemaking under 47 CFR 64.1200(d)(4), 47 CFR 64.1200(b), and 47 CFR 64.1200(c)

## CAUSES OF ACTION:

## COUNT II

## Violations of the Telephone Consumer Protection Act (TCPA)

18. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

19. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone. These phone calls also violated the TCPA by having an pre-recorded message in violation of 47 USC 227(b)

## Count III

### Invasion of privacy

20. The Defendants have violated the Plaintiff's right to be left alone and invaded the Plaintiff's privacy which would annoy or offend a reasonable person.

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call.

C. Pre-judgment interest from the date of the phone calls.

D. Actual damages as determined at trial

E. Attorney's fees for bringing this action; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

*Craig Cunningham*
Plaintiff,                          , 5/10/2018

Mailing address:

5543 Edmondson Pike, ste 248 Nashville, TN 37211

Nashville, Tn 37211

615-348-1977